IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NORMAN RAY WILSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 11-00324-KD-N |
| | ) | |
| MARIANNA FCI, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a complaint under 42 U.S.C. § 1983 (Doc. 4), together with a Motion to Proceed Without Prepayment of Fees (Doc. 5). This action, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), is recommended to be transferred to the United States District Court for the Northern District of Florida.[1]

Although plaintiff now resides in Satsuma, Alabama, which is in this District, he is bringing this action against the Federal Correctional Institution ("FCI") in Marianna, Florida, alleging "lack of medical attention" while he was incarcerated in that prison facility, which is located in the Northern District of Florida. The address given by the plaintiff for the defendant is in Marianna, Florida, which is located in the Northern District of Florida. Plaintiff's claims relate solely to conduct which occurred at FCI Marianna.

---

[1] In view of this recommendation, it is **ORDERED** that the Order entered on July 7, 2011 (doc. 6) is hereby **VACATED** and **SET ASIDE**. Plaintiff's motion for leave to Proceed in forma pauperis should be left to the United States District Court for the Northern District of Florida, the transferee court.

> A § 1983 action may be brought in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see* <u>New Alliance Party of Ala. v. Hand</u>, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a).

In the present action, the address given for the defendant is Marianna, Florida, and the events giving rise to plaintiff's action occurred in the Northern District of Florida. Thus, plaintiff's action appears to have no connection to this district other than plaintiff's present residence after his release from FCI Marianna. Venue is, therefore, lacking, and appears to be proper in the Northern District of Florida. Considering plaintiff's <u>pro se</u> status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the report and recommendation.

**DONE** this <u>14th</u> day of July, 2011.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **<u>Objection</u>**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **<u>Transcript (applicable where proceedings tape recorded).</u>** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this <u>14th</u> day of July, 2011

/s/ Katherine P. Nelson<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).